IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HENRY WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv567 |
| WARDEN GIRARDO, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Henry Williams, a prisoner confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings the above-styled lawsuit against Warden Girardo, Mr. Anthony, and the FCC Beaumont Low prison.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff brings this lawsuit alleging that the defendants do not follow prison policy for the administrative grievance process by failing to sign and date the forms as required.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S.

25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped "short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

## Analysis

I. *Federal Tort Claim Act*

Here, plaintiff sues the two individual defendants in their official capacities. Additionally, plaintiff has named the FCC Beaumont Low prison as a defendant in this action. A suit for damages against the United States or against a federal agent in his official capacity is barred by sovereign immunity unless the government has waived its immunity. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir.), *cert. denied*, 395 U.S. 968 (1968). The Federal Tort Claims Act ("FTCA") provides for a waiver of the United States' immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent

or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ....″ 28 U.S.C. § 2679(b)(1). However, "[t]o sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir.1998).

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993). The Federal Tort Claims Act constitutes a limited waiver of the sovereign immunity the United States enjoys from lawsuits based upon a violation of tort law. *See* 28 U.S.C. § 1346(b); *United States v. Orleans*, 425 U.S. 807, 813 (1976). However, the United States is amenable to suit only insofar as it has consented to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). *See also Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). In construing waivers of sovereign immunity, courts are not free to extend or narrow the waiver beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). Accordingly, to the extent plaintiff's lawsuit may be interpreted as a Federal Tort Claims action, plaintiff's claims are barred by sovereign immunity.

Further, plaintiff has failed to either allege or demonstrate he exhausted the Tort Claims remedy, as required by the FTCA. Pursuant to 28 U.S.C. § 2675, an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. Filing an Administrative Tort Claim under 28 C.F.R. §§ 2675 is a separate process from a prison administrative grievance procedure and applies only to tort claims. Accordingly, the court lacks jurisdiction to entertain plaintiff's claims and the complaint should be dismissed without prejudice.

*II.     Bivens*

To the extent plaintiff's complaint may be liberally construed as attempting to assert constitutional claims regarding the alleged violations of prison policy, plaintiff's claims are without merit.

An individual's right to recover damages from federal officials for violation of constitutional rights was first recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under *Bivens*, a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights. *Id.* A plaintiff cannot, however, assert a *Bivens* claim for damages against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Govea v. ATF*, 207 F. App'x 369, 373 (5th Cir. 2006) ("*Bivens* actions are unavailable against federal agencies."). Thus, plaintiff's claims against the FCC Beaumont Low prison facility fails to state a claim upon which relief may be granted.

Plaintiff's claims against the individual defendants are equally unavailing. As set forth above, a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights. *Bivens,* 403 U.S. 388. In order to state a *Bivens* claim, a plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *Id*, at 395-397. However, *Bivens*, unlike 42 U.S.C. § 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

When confronting *Bivens* claims, as in this case, a court generally "must ask two questions. First, do [the plaintiff's] claims fall into one of the three existing *Bivens* actions? Second, if not, should [it] recognize a new *Bivens* action here?" *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir. 2020) (quoting *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)).

"*Bivens* was the product of an '*ancien regime*' that freely implied rights of action." *Oliva,* 973 F.3d at 442 (citing *Ziglar*, 137 S. Ct. at 1855). "That regime ended long ago." *Id.* "Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area:

(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980)." *Id.* "Virtually everything else is a 'new context.'" *Id*. (citing *Ziglar*, 137 S. Ct. at 1865). "In the 40 years since *Carlson*, the Supreme Court has not approved of any other implied damages remedy under the Constitution." *Canada v. United States*, 950 F.3d 299, 306 (5th Cir. 2020). "[I]n *Abbasi* the Supreme Court strongly cautioned against extending *Bivens* to new contexts." *Brunson v. Nichols*, 875 F.3d 275, 279 at n.3 (5th Cir. 2017).

Claims for failing to properly process prison grievances are not included in the limited circumstances listed above in which the Supreme Court has approved an implied damages remedy under the Constitution and permitted *Bivens* actions. "[E]xpanding the *Bivens* cause of action has 'become a disfavored judicial activity.'" *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021) (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (internal quotations omitted.)). Over the past forty years, the Supreme Court has repeatedly declined to extend *Bivens*, to allow new constitutional claims. *Mesa*, 140 S. Ct. at 743. Further, the Court recently indicated that "if we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution." *Egbert v. Boule*, 142 S. Ct. 1793, 1809 (2022).

There is now a two part inquiry for determining whether to extend a *Bivens* cause of action: (1) "whether the request to extend *Bivens* involves a claim that arises in a new context or involves a new category of defendants" and (2) "whether there are any special factors that counsel hesitation about granting the extension." *Watkins*, 998 F.3d at 685. The Supreme Court recently suggested, however, that these steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1798. "If there is even

a single 'reason to pause before applying *Bivens* in a new contest,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Mesa*, 589 U.S. at 743).

### A. New Context

> "The proper test for determining whether a case presents a new *Bivens* contest is" whether it is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S. Ct. at 1859. A meaningful difference may include the Constitutional right at issue, the statutory or other legal mandate under which the officer was operating, or the presence of potential special factors that previous *Bivens* cases did not consider. *Id.* at 1860. "[E]ven a modest extension is still an extension." *Id.* at 1864.

*Canada*, 950 F.3d at 307 ("Instead, the proper test is whether the case differs in a meaningful way from *Bivens, Davis*, or *Carlson*." (citing *Ziglar*, 137 S.Ct. at 1859; *see also Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020)).

In this case, the failure to properly process prison grievances is different in a meaningful way from the previous *Bivens* cases decided by the Supreme Court concerning unreasonable search and seizures, sexual discrimination, and failure to provide medical attention. Further, this case involves claims to which *Bivens* has not been extended. Thus, the differences in this case confirm that plaintiff's claims involve a new context.

### B. Special Factors

Because this case involves a new context, the court must consider whether special factors counsel against recognizing a *Bivens* remedy. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Ziglar*, 137 S. Ct. at 1865.

> "[A] *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). A special factor is a sound reason to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong. *Id*. at 1858. The court's focus is on maintaining the separation of powers: "separation-of-powers principles are or should be center to the analysis." *Hernandez*, 885 F.3d at 818 (quoting *Ziglar*, 137 S.Ct. at 1857). The only relevant threshold - that a factor "counsels hesitation" - is remarkably low. *See id.* at 822. If any special factors do exist, the "'courts must refrain from creating'" an implied cause of action in that case. *Maria S.*, 912 F.3d at 784 (quoting *Ziglar*, 137 S. Ct. at 1858).

*Canada*, 950 F.3d at 309.

A court's special factors "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 137 S. Ct. at 1857-58. In order to be considered a "'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Id.* at 1858.

When a plaintiff seeks to extend *Bivens* to a new context, courts consider whether alternative remedies are already available because "if there is an alternative remedial structure present . . ., that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858. If Congress has created "'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.* (quoting *Wilkle v. Robbins* 551 U.S. 537, 550 (2007)).

"'[L]egislative action suggesting that Congress does not want a damages remedy' counsels against judicial do-it-yourself projects. Congress paid loose attention to inmate constitutional claims when it enacted the [PLRA]. The Act 'does not provide for a standalone damages remedy against federal jailers.'" *Callahan v. Fed. Bureau of Prisons*, 965 F.3d at 520, 524 (6th Cir. 2020) (quoting *Ziglar*, 137 S.Ct. at 1865). That suggests a considered decision not to extend a damages remedy to failure to properly process prison grievances.

The Supreme Court has never held that *Bivens* extends to Eighth Amendment failure to protect or failure to intervene claims. In fact, the Supreme Court has permitted only one "*Bivens* claim for prisoner mistreatment - specially for failure to provide medical care." *Ziglar*, 137 S. Ct. at 1855. The court must take into account that both the Supreme Court and the Fifth Circuit have stressed that any extension of *Bivens* to new factual scenarios is now a disfavored judicial activity. Further, there are special factors weighing against such an extension in this case. The most important of which is "who should decide whether to provide for a damages remedy, Congress or the courts?" *Mesa*, 140 S. Ct. at 750. In this instance, as in the case of *Meza* and *Watkins*, the answer to that question is Congress. *See*

*Watkins*, 998 F.3d at 685. Therefore, the court should decline creating an implied damages remedy for plaintiff's claims.

For the reasons set forth above, *Bivens* does not extend to the facts of this case, and plaintiff lacks a cause of action. Therefore, plaintiff's allegations fail to state a claim upon which relief may be granted.

## Recommendation

Plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 19th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge